UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
BLUE ANGEL CAPITAL I LLC,                         :
:   10 Civ. 4101 (TPG)
            Plaintiff,                            :
:
      - against -                                 :   **ANSWER**
:
THE REPUBLIC OF ARGENTINA,                        :
:
            Defendant.                            :
:
:
:
:
------------------------------------------------------------------ X

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint dated May 19, 2010 (the "Complaint"), respectfully states as follows:

        1.      Paragraph 1 of the Complaint purports to characterize the nature of the action brought, and, accordingly, no responsive pleading is required. To the extent Paragraph 1 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

        2.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated as of October 19, 1994 (the "1994 FAA"), and refers to the 1994 FAA for its true and correct contents. The Republic admits that Deutsche Bank is the current fiscal agent under the 1994 FAA. To the extent Paragraph 2 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

        3.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint. The Republic otherwise denies

the allegations contained in Paragraph 3 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt. Paragraph 3 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 3 for its true and correct contents. To the extent Paragraph 3 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

4. The Republic denies the allegations contained in Paragraph 4 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt. Paragraph 4 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 4 for their true and correct contents. To the extent Paragraph 4 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

5. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint. Paragraph 5 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 5 for its true and correct contents. To the extent Paragraph 5 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

6. Paragraph 6 of the Complaint purports to characterize the nature of the action brought, and, accordingly, no responsive pleading is required. To the extent Paragraph 6

of the Complaint constitutes a conclusion of law, no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint. Paragraph 6 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 6 for its true and correct contents.

      7.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

      8.      Paragraph 8 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

      9.      Paragraph 9 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required. Paragraph 9 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 9 for its true and correct contents.

      10.      Paragraph 10 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 10 for its true and correct contents.

      11.      Paragraph 11 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

12. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents. Paragraph 12 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 12 for their true and correct contents.

13. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint. Paragraph 13 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 13 for its true and correct contents.

14. Paragraph 14 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 for its true and correct contents.

15. Paragraph 15 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 15 for their true and correct contents.

16. Paragraph 16 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such

characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 16 for their true and correct contents.

17. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, except admits that it issued a bond having ISIN No. US040114GG96. Paragraph 17 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 17 for their true and correct contents.

18. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint. Paragraph 18 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 18 for their true and correct contents. To the extent that Paragraph 18 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

19. The Republic denies the allegations contained in Paragraph 19 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt. Paragraph 19 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 for its true and correct contents. To the extent that Paragraph 19 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

20. The Republic denies the allegations contained in Paragraph 20 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint. Paragraph 20 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 20 for its true and correct contents. To the extent that Paragraph 20 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

21. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint. Paragraph 21 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 21 for their true and correct contents. To the extent that Paragraph 21 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

22. The first sentence of Paragraph 22 of the Complaint purports to characterize proceedings in related actions pending before the Court. The Republic denies the allegation in the first sentence of Paragraph 22 to the extent it mischaracterizes these proceedings. The second sentence of Paragraph 22 of the Complaint constitutes a conclusion of law, as to which no responsive pleading is required.

23. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint. Paragraph 23 of the Complaint

otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 23 for their true and correct contents. To the extent that Paragraph 23 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

24.     Paragraph 24 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

### First Affirmative Defense

25.     The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

26.     Plaintiff's claims are barred by the act of state doctrine.

### Third Affirmative Defense

27.     To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights they may otherwise have.

### Fourth Affirmative Defense

28.     Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

29.     Plaintiff's claims are barred by the doctrine of abuse of rights.

---

[1]     The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, 03 Civ. 2508 (TPG), 2003 WL 22120745, (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

### Sixth Affirmative Defense

30.    Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

26.    Plaintiff's interest claims are barred in whole or in part by the applicable statute of limitations/prescription period.

### Eighth Affirmative Defense

27.    Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the 1994 FAA.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)    dismissing plaintiff's claims with prejudice;

(b)    awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c)    granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 19, 2010

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
    Jonathan I. Blackman (jblackman@cgsh.com)
    Carmine D. Boccuzzi (cboccuzzi@cgsh.com)
    Christopher P. Moore (cmoore@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina